UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PARK IRMAT DRUG CORP.,                    Civil Action No. 15-cv-8930 (JSR)

                    Plaintiff,

   -against-                              **DOCUMENT**
                                                         **ELECTRONICALLY FILED**
OPTUMRX, INC.,
                                                          **DECLARATION OF**
                    Defendant.       **MICHAEL H. BERNSTEIN**
------------------------------------------------------------X

      MICHAEL H. BERNSTEIN, pursuant to 28 U.S.C. §1746(2), being duly sworn, deposes and states under penalty of perjury:

      1.    I am a member of Sedgwick LLP, attorneys for Defendant, OptumRx, Inx.  My Declaration is based on my personal knowledge.

      2.    This Declaration is respectfully submitted in Opposition to Plaintiff Park Irmat Drug Corp.'s ("Irmat") motion brought by Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction under Rule 65, FED. R. CIV. P., "preventing, prohibiting, and enjoining Optum during the pendency of this action from terminating [Irmat] from Optum's pharmacy network."

      3.    On November 12, 2015, Irmat filed a Summons and Complaint with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.  (A copy of the Complaint is annexed hereto as Exhibit "F".).  The Complaint alleges five Claims for Relief.  The First Claim for Relief alleges that OptumRx breached the Irmat/AccessHealth Agreement by terminating Irmat because it continued to provide mail-order pharmacy services to OptumRx members. (Complaint, ¶ 72).  The Second Claim for Relief alleges that OptumRx should be found equitably estopped from effectuating Irmat's termination from its retail pharmacy network on the grounds that Irmat has started construction of a multi-million dollar facility in

Brooklyn based on the understanding that it could continue its mail-order operations. (Complaint, ¶¶ 77–82). The Third Claim for Relief alleges that OptumRx tortiously interfered with Irmat's prospective business relations by terminating it from the retail pharmacy services network. (Complaint, ¶¶ 83–88). The Fourth Claim for Relief alleges that OptumRx should be held liable to Irmat for *per se* or rule of reason tying. In support of this claim, Irmat alleges that OptumRx improperly ties its retail and mail-order pharmacy services in an effort to prevent its competitors from providing mail-order pharmacy services by limiting network pharmacies to providing only one service; *i.e.*, retail pharmacy services only. (Complaint, ¶¶ 89–98). The Fifth Claim for Relief alleges a second anti-trust cause of action for restraint of trade and alleges violations of the "Donnelly Act" under New York General Business Law §340. (Complaint, ¶¶ 99–105). Irmat alleges that it has no adequate remedy at law on any of its five causes of action and therefore seeks a preliminary and permanent injunction preventing OptumRx from terminating or excluding Irmat from its retail pharmacy network.

4. On November 13, 2015, Irmat filed an Order to Show Cause in the Supreme Court of the State of New York, County of New York, seeking a TRO preventing OptumRx from terminating it from its retail pharmacy network. On that same day, OptumRx filed a Notice of Removal to the U.S. District Court for the Southern District of New York. (Doc. No. 1). The assigned New York State Judge, the Honorable Anil C. Singh, J.S.C., denied the Order to Show Cause as moot, with leave to renew if the matter is remanded to State Court. (A true and correct copy of the Order denying the Order to Show Cause is annexed hereto as Exhibit "G".).

5. Later that same day, Irmat filed another Order to Show Cause, this time in the U.S. District Court for the Southern District of New York. Irmat similarly sought a TRO and preliminary injunction preventing OptumRx from terminating Irmat from its retail pharmacy network. The Order to Show Cause was presented to the *ex parte* judge, Honorable John F. Keenan, U.S.D.J. Judge Keenan denied the request for a TRO and set a hearing date for November 17, 2015. (Doc. No. 8). By Stipulation and Order, the parties

82500285v1

subsequently agreed to an extended briefing and hearing schedule.  OptumRx's opposition is timely filed in accordance with that schedule.

          I declare under penalty of perjury that the foregoing is true and correct.

Dated:   November 24, 2015


          <u>s/Michael H. Bernstein</u>
          MICHAEL H. BERNSTEIN